| | |
|---|---|
| PATRICK DEON SOLOMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER AND MEMORANDUM |
| v. | ) AND RECOMMENDATION |
| | ) |
| RALEIGH POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before this court for review of the application to proceed *in forma pauperis* and complaint of Plaintiff Patrick Deon Solomon ("Plaintiff") pursuant to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B). [DE-1]. In the view of this court, Plaintiff has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, this court ALLOWS Plaintiff's motion to proceed *in forma pauperis*. However, for the reasons provided below, this court RECOMMENDS that the complaint [DE-1-1] be DISMISSED.

## I. PLAINTIFF'S COMPLAINT

Plaintiff, a resident of North Carolina, has filed suit against the Raleigh Police Department.[1] Compl. [DE-1-1] at 1, 2. Plaintiff's complaint fails to contain any allegations as to the court's jurisdiction over his complaint. *Id.* at 2. Additionally, the acts Plaintiff complains about are in total "violation of my 4th amendment right," "unlawful search & seizure," "illegal

---

[1] The court has addressed other pauper petitions filed by Plaintiff in regards to complaints against law enforcement. *See* 5:13-CV-145-D (complaint dismissed as frivolous); 5:13-CV-167-BO (case pending); 5:13-CV-194-D (complaint dismissed as frivolous); 5:13-CV-219-FL (complaint dismissed without prejudice); *see also* 5:13-CV-247-BR (complaint against State of North Carolina dismissed as frivolous).

detainment" and "unlawful imprisonment". *Id.* As for relief sought in this matter Plaintiff seeks $1.5 million. *Id.* at 4. The complaint contains no other allegations. *Id.* at 1-4.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)); *see also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent

2

such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32.

In evaluating a case under § 1915, a court may appropriately look to cases decided under Fed. R. Civ. P. 12(b)(6) for guidance. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (relying on standards set out in Rule 12(b)(6) cases in applying failure to state claim provision in 28 U.S.C. § 1915(e)(2)(B)(ii)); *Lugo v. INS*, 950 F. Supp. 743, 745 (E.D. Va. 1997) (failure to state claim provision in 28 U.S.C. § 1915A(b)(1) "appropriated" Rule 12(b)(6) standard). A complaint should be dismissed for failure to state a claim if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6)). A court must accept as true all well-pleaded allegations and view those allegations in the light most favorable to the plaintiff, construing all reasonable factual inferences in the plaintiff's favor. *Id.*

However, dismissal is proper under Rule 12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, "[w]hile a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). A complaint can only achieve facial plausibility when it contains sufficient allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The "plausibility" standard

3

demands more than a mere possibility of misconduct, and if the facts alleged are "not only compatible with, but indeed ... more likely explained by lawful ... behavior," the pleading will be insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## III. ANALYSIS

Adhering to the principle that *pro se* pleadings should not be held to the same stringent standards as those of attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), this court has construed liberally the allegations contained in Plaintiff's complaint. However, even affording Plaintiff a deferential examination of the allegations, this court finds that the complaint must be dismissed.

The sum of Plaintiff's allegations consist of "violation of my 4th amendment right," "unlawful search & seizure," "illegal detainment" and "unlawful imprisonment." [DE-1-1] at 2. The complaint provides only labels and conclusions bereft of any factual allegations supporting a reasonable inference that Defendant is liable for the alleged conduct. *See Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim for which relief may be granted.

## IV. CONCLUSION

For the reasons stated above, this court ALLOWS Plaintiff's application to proceed *in forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have Fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a

4

de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

So ordered and submitted, the 29th day of July, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge